et al. And we have Mr. Edward McCarthy for the appellant and Adam Al-Ghili. Say it again please. Al-Ghili. Al-Ghili. For the, oh I read that as a G somehow. Okay, for the appellate. And you may proceed Mr. McCarthy. Mr. McCarthy when you're prepared to. Thank you Your Honor. Counsel. This is Edward McCarthy. Thank you. Representing the appellant defendants. And this case is, became twisted and happened, I felt that it became twisted. A little bit of history. It was initiated by the plaintiff filing suit for a contract on leasing medical equipment to the defendants. To the defendant Greenville Gastroenterology with the owner Peter S. Kim, M.D. and his wife as officers and supposedly guarantors. Now, this was filed in 2015 and at that time the counsel representing them was Gerald Walters who was with my office and Jerry passed away during this trial. Therefore, at that time I stepped in and in 2017 I believe, but the complaint includes a copy of the proposed document. Or a supposed document of the documentation of the contract. And it is in our opinion in the application of the defense an intelligible document, at least portions of it are. And that Gerald Walters filed a series of motions on that to the point that in the court's order of July 29, 2016, the court included wording that the court finds that whether the document is illegible is a question of fact. To be determined by a jury. And a jury trial course was demanded when the answer was eventually filed. Then there was a series of motions to dismiss and other documentation that eventually we came down to a motion for summary judgment that was filed by the plaintiff on July 21. Of 2017 that included a form of affidavit by one of the officers that was unsigned. That was set for argument and that unsigned affidavit would be found in the record at page 249. But what it did have was the same copy of the document that is proposed to be the contract that the judge had previously said if this is illegible it is up to the jury to determine. So we didn't have any new documentation at that time. Even the latest, the very latest affidavit supplied by the plaintiff was on September 26, 2017. That included the same copy of the contract that was claimed to be illegible and is a question of fact for the jury. The importance about the legibility is if it is illegible then we have an oral agreement. If the agreement is oral the five year statute of limitations applies and five years have expired since the last payments by the defendants until the time of filing the complaint. Therefore the application of the five year statute of limitations for an oral contract would be a complete defense. As we came up to a hearing on the motion for summary judgment that was set for hearing and the hearing occurred on September 28, 2017. There had not been an affidavit signed by an officer in support of that motion for summary judgment that was filed in July until two days before the hearing. The hearing was on the 28th of September and the affidavit was filed on September 26. That affidavit by that officer still had the same copy which we claimed was illegible. So we get this document in and I'll talk more about other problems with that affidavit on another issue. But then we come up to hearing on September 28th and one of the first things the judge said, this is in page 27 of the record, I see the only thing that is in dispute about the contract is whether it is legible or not. At that time Plinkett's counsel produces another copy and he says look, and this is all the record that said despite, I found this in the file and here's a better copy of the document and the court authorized him, counsel, to submit that on the record. Which he did and even though the court had acknowledged that our position had been that the document was not legible from day one, that's in the record at page 35, he allowed counsel to immediately supplement the record with the new. So at that point then did you dispute the authenticity of the original and the newly submitted one? What we did was we were given leave to respond to that. Yes, we did object. We pointed out that the Supreme Court rule of evidence, rule 1002, requires an original. A quote, to prove the content of a writing, recording or photograph, the original writing, recording or photograph was required except as otherwise provided by these rules or by statute. Then, and we pointed that out, that this is not the original. And not only that, but two days before the Plinkett had supplied an affidavit signed by an officer that said that the only unintelligible copy was the copy. And here we get another one given to us on the day of the hearing. So, rule 103, 1003 of the Supreme Court rules of evidence provides a duplicate is admissible to the same extent as the original, unless a genuine issue is raised as to the authenticity of the original or in the circumstances it would be unfair to admit the duplicate in lieu of the original. And then I cited a case or two on the subject of this rule that says if you come in with a duplicate, as a proponent of a duplicate, you've got to give a history of what the original, where it is, what happened to it, why it's not available, and none of that was done. The judge simply accepted that original as that copy, which is clearer. I grant you that it is clearer. But we don't know. I said in part of my motion, I'm not knowledgeable enough in how computer graphics and so on work to know how to test this by looking at it myself. But I was given 21 days to respond, and I did. And then the judge granted some of the judgment. I filed a motion to reconsider, citing rules 102, 103 again, and the history of what happened. And the judge, it was, we said again because the judge had not decided damages. So an affidavit of damages was put in, and he decided damages of the $300,000 against my clients. We, you know, this, it's our position that this is a complete violation of the rules of evidence. And in the summary judgment, the court acknowledged that this contract was going to be a question of fact for the jury. And just like that, he grants a summary judgment without an affidavit, without any history of this new copy, all to the, over our objection. We ask that this summary judgment on that basis be reversed. Well, let me just read from Mr. Al-Ali's brief where he says that the defendants made no affirmative effort whatsoever with regard to the legibility of the lease, such as filing a counter affidavit regarding the authenticity or legibility of the lease or guarantee. That's interesting because that's not Mount Vernon proof. That's, yes, I raised the issue that they didn't do it. That's not my job. As a matter of fact, he said, as I mentioned in my brief, reply brief, that in the record, plaintiff's counsel said, when the trial comes up, I'll just walk in with an affidavit and provide this to the court. Well, yeah. Then we start talking about following the rules, following the correct steps about documentation. But this is, there's just no basis for this judgment to have been granted. I want to go on. So here there wasn't a question about necessarily the clarity of the copy. The question was whether it in any way authenticated the original because you still couldn't read the original? We've never seen the original. Well, the copy that was submitted as in lieu of the original. It was very, very difficult. Some people say you can read some parts of it. Other parts you can't read. The parts that have specifically the guarantee, the print is a lot smaller. And as to whether any of that could be read, that's why Gerald Walters, when he started this case, asked for the judge specifically to throw a case out because it was illegible. He said, we'll let the jury decide that. And he didn't say then, oh, this is completely illegible or parts of this are illegible. He said, that's for the jury to decide because it is difficult to read. You can read a big print at the top saying this is a contract, so on and so forth. But then when you start reading through stuff and then I supply copies, this is a second round of litigation between these parties. They had started earlier and I think it was Ohio. And I gave copies of the documents that were used then in depositions and they weren't any better, at least that I had. So I just feel that there's this rule, the rule of evidence is there for a reason and it's being violated the way that this case was decided. Should I go on with me? I've got a couple other points. There's a guarantee issue here. One of the guarantees of this case of Peter Kim will sign 36 days after the contract and 13 days after the machine was actually delivered. And there's a case from this district, I forget the name of it, Red Duck, involving one of the Red Duck banks that provides that if... Chapman. No relation. Banks of Red Duck versus Chapman. Oh, I'm sure that no defendant would be named Chapman. That'd be some terror. But yes, that's the one. That case stands for here, the idea that you have to get a guarantor's signature at the time unless the guarantor, there's some other relationship that isn't mentioned. Now, what the plaintiff provided in this affidavit that was filed two days before the hearing on the motion for summary judgment, that was an affidavit signed by an officer who said that the guarantee was intended to have been signed in time, but it was merely an oversight, and he signed it later because it was an oversight, but he intended to sign it. And I suggest to you that that's an affidavit that he can't give just from the business records. He has to have been there and known in person what happened there to give that kind of affidavit. Okay, you'll have the opportunity to... Yes, thank you. Ms. Gowdy. Good morning, and may it please the Court and counsel, my name's Adam O'Leary. I represent the plaintiff in this case. Your Honor, on this first issue of the legibility of the contract, it's kind of really what the primary point in this case is. Defense counsel argues that because in his mind or his opinion, as he says, the contract is illegible, that it becomes an oral contract and, therefore, subject to the five-year statute of limitations. I couldn't find any law to support that position. This lease agreement, which is the document in this case, is clearly written. The trial court found, I think almost summarily, that it's a written contract. Whether it's legible or illegible or portions of it are legible or illegible doesn't make an oral agreement subject to the five-year statute of limitations. So I couldn't find any law on that issue, and I think that's a bit of a red herring. The issue of legibility, I think what counsel is really trying to get at, is that the plaintiff can't meet its burden of proof in its case, to win its case, if the contract's truly illegible. But we've never seen the original. We've never seen the original in this case. That's correct. So there are a few issues on this legibility. It would seem to me that the issue of whether the lease is legible or illegible is a question of fact that can be determined by the court. Now, counsel kept referring to the jury. I understand that the trial court said it's a question of fact of the jury. There was no jury in this case. There was no jury demand. This is a non-jury trial? This is a non-jury trial. So it was always going to be the judge to be the trier of fact. The only case that was really cited that's, I think, in any of these briefs, that's somewhat relevant is that Ledbetter case cited by counsel. In that case, it was an insurance company that couldn't properly defend it. It couldn't assert or prove its affirmative defense because of what it was trying to attend to. The court was illegible, and the court said, we simply can't read this. It's impossible. The appellate court said, we also tried, and we simply cannot read this. So I think based on that, to me, the court can look at a document and determine for itself whether they can read it or not. That's really what it is. In this case, there's nothing in the record at any point that shows the trial court couldn't read the lease. To me, it's not. You're talking about the copy. Correct. So, I mean, the court has to determine whether or not there's a genuine issue raised about the original's authenticity, correct? That's what the court group stated in its order. Well, so I don't think that the issue of the authenticity of the original was ever properly before the trial court. That was never an issue. The issue that was raised by the defendants were, I can't read this copy, because they've alleged that they can't read it. It's illegible. Not that the document isn't authentic or the original isn't authentic. I think those are two different things. The authenticity issue, to the extent that it was even raised, was only mentioned in one sentence in the response brief filed by the defendants when I supplemented the record with the clear copy of the lease agreement. That was the only time in the entire case where the authenticity of the document was ever raised. So from the plaintiff's position, it's, okay, is this contract, is this lease agreement legible, the copy legible? There's never any, nothing in the record that there's, and this is where the rule 1003 comes in, where it says that a copy is allowed unless there's a genuine question as to the authenticity of the copy. And I think the word genuine is critical. It's in there for a reason, because if you don't have the word genuine, it just becomes every single plaintiff and defendant can just say, I don't think this is authentic, and then every case ends up going to trial. So the word genuine is critical. And there is no way in this record that there was a genuine question about the authenticity of the copy. The court goes on to say this has not been done with competent evidence. The comment about competent evidence was with regard to the defendants not being able to submit any sort of defense with any competent evidence. Was the original ever before the court? The original lease agreement was never before the court. So then how are you going to get a summary judgment on a contract that's not ever before the court? On rule 1003, which allows copies. And so I would say, I think on that point. So how did you authenticate that as a good copy? As a business record. It's a business record exception to your section. And I don't think that point ever came up either. I mean, it was clearly a business record, whether it's legible or illegible, I understand it's an issue. But it came up to be admissible under the business record exception. It clearly is a business record of the plaintiff. But whether or not a copy can be used in lieu of an original is what rule 1003 was created for. And so all the cases kind of say. But if we don't know if it's a copy of the original because we can't read the original, where does that go? It's difficult. It's kind of cyclical a little bit. But the trial court found, obviously, that the lease agreement was legible. So I don't think I ever needed to get to the point where I have to say, look, here's the original just to prove that I need to authenticate this. So they found that the original duplicate was legible. Or did they find the second duplicate copy? Well, that's not clear. It doesn't matter? Yeah, I would submit it doesn't matter. But, yes, I agree it's not clear whether or not it's the copy, the duplicate original that was filed with the complaint, then filed with the unsigned affidavit, and then filed with the signed affidavit three times. The fourth one was the supplement. It was just as counsel said. It's just a little bit clearer. But they're all admissible under the business record exception and admissible under Rule 1003 as a duplicate because there's been no genuine question about whether this thing is authentic. In other words, is it a forgery? Is it a fraud? That wasn't done genuinely, I don't think, by the defendants. It was always all case law. I can't read this. I can't read this. And then when counsel gets one that, granted, I understand it was later in the case. I get that. But he gets one that he himself can read, and then that's not good enough for him. He says, well, now I don't know what to do. I don't have any defenses, so I'm going to kind of question, I guess, the authenticity of that. Not a genuine question because every single lease agreement that was submitted to any court at any point in the case, and even the Pennsylvania case that counsel refers to, it's all the same. It's not like you've got different portions of the lease agreement cut and pasted in different places. You've got words in different locations. It is the exact same document in every single letter and word is in the exact same place in the lease agreement. So I don't think you could really have a genuine question as to whether or not the copy is authentic when every single lease agreement that anybody has their hands on is the same. Just a little bit clearer. Now, this was a summary judgment. It was supported by affidavit, correct? Correct. But then counsel argues that the affidavit was unsigned, which to me means it's not an affidavit. Okay. So when and where, was there ever a signed, somebody signed an affidavit? Yes, Your Honor. So the affidavit was submitted with the summary judgment motion. Without being signed. Without being signed. It said in the signature block, signed version forthcoming. Did it ever show up? Yes. So it showed up at the same time that the plaintiff filed its reply brief in support of its motion for summary judgment. In the meantime, the defendants had filed the response brief. Now, is this a new affidavit or a copy of the affidavit that's just the alleged affidavit that wasn't signed? Did somebody just sign it and then refile it? Exactly. It's the exact same affidavit. It just didn't have a signed copy from the client.  It just happened to be signed. It's the same lease that's attached as a business record. So, yeah, not the best way to do things, I get that. But from a defense standpoint, he filed a response brief to the motion, never arguing I can't do this or filing a 191B affidavit that says I need more time because of, you know, it's unsigned. So in my opinion, yeah, not done in the best fashion. I would argue that any sort of issue on this is not a signed affidavit. It's been waived by virtue of defense filing a response brief to that. Well, you can't say it's an affidavit if it's not signed. Subscribed and sworn before me this date. Unsigned, correct. So what do you got? You got a piece of paper. Okay, well, I've got a piece of paper, again, that defense responds to and then an affidavit that's filed, signed and filed at the same time the reply brief is filed. So, and then, yes, and then a hearing is held and then you've got all the supplement issues. So I understand. Because after that was filed, was there ever a motion to continue so they could file a new answer to that? Right, no. There was not a motion filed for any sort of extension of time. What happened later was when I tendered the clearer version of the lease agreement in open court at the summary judgment hearing, defense counsel was given an opportunity to file essentially a response or an objection to that supplement, and he did that also. But at no time was there anything from the defendant saying, I need more time, or I want another opportunity to respond to the motion for summary judgment, or I want to issue discovery, or I want to issue a request to admit. None of that was ever done. So to me, after a three-year case that goes on, granted not in the best fashion, but puts him on notice of everything and puts enough evidence before the court in order for the court to render a decision, he's waived all his arguments because he didn't do anything, in my opinion. So to continue on with the legibility issue, sorry. Well, you know, when you talked about the second copy being much more legible and all the words were the same as in the first duplicate, I totally lost how that proves anything about the original, which nobody knows what words were in it. You know, my point of saying that was that goes to the authenticity of the original. How does it go to the authenticity of the original since nobody knows what words were in the original? Well, but this goes back to Rule 1003, right? Yes. So Rule 1003 says that I don't need to produce an original. I can produce a copy unless the authenticity of the original is in question. And since we haven't seen the original, you're saying that he did nothing to – it was his burden of proof to the court to show what was in the original that we don't – that was different than the duplicates that you provided. I mean, yes, because he never even asked for it. I mean, there was never even discovery issue – I want to see the original. It was never – the issue of the original document simply was not an issue in the case. Well, it is when he's saying that you can't read what you supplied, so therefore we don't know what the original says. But even on that issue of saying that you – I can't – that he couldn't read it, I don't think it's sufficient to put in a pleading I can't read this because even as counsel stated in his opening, it's just his opinion. I can read it. The trial court could read it. The trial court could read it? It appeared that the trial court maybe couldn't read it until a second duplicate was filed. And then it appeared that the trial court could read the second duplicate and said, oh, yes, this is what the first duplicate was saying, but we still don't know what was in the original. It had entirely different words in it. And where was the original? I mean, was there a reason why – was it lost or? I can't answer that, Your Honor, because I never even asked my client where the original was because it was never, again, asked to be presented. So I was relying – my client was relying on, you know, tendering copies under Rule 1003 because nobody asked to see the original. I would assume the original was with my client, but, you know, my client's position is and my experience in litigation is I don't need to tender an original unless it's asked for in discovery. And so after it was determined that the first duplicate was not very legible, or not legible according to the defendant, you did not see at that time that you should supply the original? That's correct. And, I mean, to Your Honor's point, the trial court never found or ruled that any of the first duplicates were not legible. That comment of it's an issue that's for the jury trial, I mean, to me that's in the context of the motion to dismiss. So I think the court's saying, I can't determine this in the context of the motion to dismiss. But the trial court never found that he couldn't read the first duplicate. It just became, I think, I would imagine, easier for the trial judge when he got the second duplicate to say, okay, well, now there's really no issue, so I'm going to enter judgment in favor of the plaintiff. Should I go on? Yes. I mean, it's all going to go back to kind of the same thing. So in number three out of the affidavit, and Your Honor I think has raised this issue that it wasn't signed, I think that defect is cured, again, by the fact that it was filed and signed prior to the entry of judgment, and again with ample opportunity for defense counsel to either ask for an extension of time or ask to file a certify. And it's critical to note that at no time, even as counsel concedes that the second duplicate is, I'm assuming, legible or it's maybe a little bit easier for him to read, there's been no defense raised. I get this second duplicate, it's a little bit clearer, and oh, well, now I see I've got a defense because of this clause. There's no defense to the case. There's been no counteraffidavit signed to the signed affidavit that creates a genuine issue of material fact. So on that issue, all of the allegations in the signed affidavit are admitted, and I think that judgment is appropriate, notwithstanding the fact, and to Your Honor's point and to counsel's point, that this wasn't maybe the cleanest of summary judgment proceedings. I still don't think there's an error based on counsel having a tremendous amount of opportunity to raise a defense and not having done so. Okay. So an answer was on file. That was on the same day as the summary judgment was entered? An answer to the summary judgment? Yes. There was a response filed by the defendants to the summary judgment motion. But no answer was put on file? There was an answer to the complaint, yes. And the answer was, we can't read the document. Well, so we, you know, there's a little bit of that in the answer, but there's also admissions in the answer, such as they admit that they didn't make the payments. If you can't read the contract, I don't know how you could admit that. I mean, you're admitting, by not making the payments, you're admitting that you can read the contractual, at least some of the contractual terms in the lease. So they admit certain things such as, yeah, we didn't make the required installment payments. But then their fallback is that the statute of limitations was wrong because it was partially wrong. Right. That comes full circle back to the legibility and it becoming a whole agreement. You know, I would also say on the legibility issue, there's never really any specifics as to what was allegedly illegible and what was legible. It's just like, it's just not legible. Well, if you can't read it, how can you say what's not readable? To me, there should be more specifics. Because it was a contract. I mean, it's not in dispute there was a contract of sorts. I would think so. And you suggested the entire thing is so blurry that it can't be read. I think that should have been made clear. But, again, to go back to the answer that they missed some payments. So clearly some of the lease was legible to them. With regard to, do you want me to address the, I'll just really quickly, I'll just talk about the Peter Kim guarantee which was signed subsequent to the lease agreement. Defendants are really arguing that as a matter of law, it can't be enforceable. The case that counsel cites dealt with a third-party guarantor who had no relation at all to the original contract. It's not what happened here. Peter Kim is the owner of the company. His name was all over the lease agreement. I think looking at the lease, it's got his printed name. It's got a checkmark beside where he was supposed to sign it. That, in conjunction with plaintiffs' affidavits saying there was an oversight not to sign, is enough evidence to warrant a finding that it was supposed to have been signed contemporaneously with the lease agreement. And, again, there's been no counter-affidavit at all on that issue from Peter Kim saying, no, no, no, I didn't intend to. Maybe that would have been an issue of fact, but there was no counter-affidavit from Peter Kim on that issue. And I think the last thing, again, going back to 1003, which I'm getting is pretty critical. The second prong of 1003 talks about you can't introduce a duplicate if it's unfair or prejudicial. I don't think that's the case here because, again, counsel's had tremendous opportunity to file motions, to file what he needs to file if he didn't like the way that procedurally the case was going down. And I think he's kind of weighed that by filing response briefs and getting to the summary judgment position where ultimately he lost. I appreciate your time, Your Honor. Thank you. Thank you. Mr. McCarthy, rebuttal. Thank you, Your Honor. So you didn't contest that there was a different written contract? Or how was the written contract, the original written contract, different from the more legible second? We were defending the case on the contract that was in front of the court. And that — But wasn't it your burden to show the court that there was a genuine issue? The court said there was no genuine issue, I guess, as to the original's authenticity when it says this has not been done with competent evidence. He's wrong. Excuse me? The judge is wrong. Okay. He ignored Supreme Court rules of evidence because there was the last affidavit that was filed two days before the hearing had the same copy of the illegible, what we say is illegible document saying sworn that this is the contract. But don't you have the burden to show the court that there is a question about the duplicate via what should have been before the court, which was the original that had different language, different wording? I mean, isn't that your burden to create the genuine? No, ma'am, I do not believe so. I do not believe I have that burden. The burden to have a different copy used is on the plaintiff. And they're the ones that have to come forward with the evidence in the trial. The only evidence we had was what was in the pleading, which is what we were relying on. Judge Rolston, in reply to your question about a jury demand, jury demand was made on the record, page 221 of the record, defendants to main trial by jury on counts one, two, and three. That's the answer to the second and the right. I'm going to go back to 1003 because my reading of the best evidence rule is that you're allowed to put in a duplicate to the same extent as the original unless a genuine question is raised about the original's authenticity. So if he puts in a duplicate and says it's the same as the original, isn't it your burden to show, no, there's a genuine question here that this is not the same as the original, and you would do that by some evidence that there was different wording in the original. Excuse me for interrupting you, but the plaintiff did it to themselves because they gave us an affidavit. All the way through this case, we've seen the same copy. And yet they come up and say, well, here's a better copy. But you have to raise that there's a question that that is different than the original. So how is it different? No, ma'am, I don't think so. I cited a case, and I'm sorry I don't remember what it is, but the case I cited states that it's the burden of the person who is trying to use the copy to show the history, why the original isn't available, and et cetera. So you're saying there was no foundation for them to use a duplicate to begin with? Yes, ma'am, and it's their duty to provide a foundation, not me. But then how did you raise that issue to the court? When I objected to the submission of this new copy, that's in the documentation of immediately, when I was given the 21 days, that's what I wrote up then, that these rules have to be followed, and they have not been followed. Okay. Let's see. Okay, the man. Okay, the part legibility. We cited a case, and once again, I'm sorry I don't remember the title of the case, but we didn't cite the name of the case. But that case provided that if part of a contract, written contract, is illegible, the entire contract is to be treated as ill for statute of limitations purposes. Thank you, Mr. McCarthy and Mr. Alley. Thank you. And we will take the matter under advisement and render ruling in default.